IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JORDIN MURPHY,**<br><br>      **Plaintiff,**<br><br>vs.<br><br>**CITY OF TRUSSVILLE and OFFICER M. CAMPBELL,**<br><br>      **Defendants.** | CV: _____<br><br>Removed from the Circuit Court of Jefferson County, Alabama<br>CV 2020 902370 |

## NOTICE OF REMOVAL

All named Defendants in this case, by and through undersigned counsel, hereby jointly file this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446, with the United States District Court for the Northern District of Alabama, Southern Division, and as the basis for the removal of this action state the following:

### INTRODUCTION

The Plaintiff brought this action in Jefferson County Circuit Court pursuant to 42 U.S.C. § 1983 claiming the City of Trussville and Officer M. Campbell violated his rights under the Fourth Amendment to the United States Constitution (false arrest). Since the Plaintiff asserts claims arising under the

1

Constitution of the United States, this case should be removed to the United States District Court for the Northern District of Alabama, Southern Division.

## STATEMENT OF UNDISPUTED FACTS

Plaintiff Jordin Murphy commenced this action by filing a Complaint on June 28, 2020, in the Circuit Court of Jefferson County, Alabama, Case No. 2020-902370 (hereinafter referred to as the "Circuit Court Action"). The Plaintiff alleges he was wrongfully arrested. The Plaintiff asserts the following causes of action pursuant to 42 U.S.C. § 1983: 1) Violation of the Plaintiff's Fourth Amendment Rights under the United States Constitution against Officer Campbell (False Arrest), 2) Violation of the Plaintiff's Fourth Amendment Rights under the United States Constitution against the City of Trussville (False Arrest), and 3) Violation of Alabama Code § 11-47-190.

**I.     Plaintiff's Complaint Asserts Federal Claims Pursuant to 42 U.S.C. § 1983.**

Removal pursuant to 28 U.S.C. §§ 1441 and 1446 is proper in this case because the Plaintiff asserts causes of action under the Constitution, laws, or treatise of the United States, and/or because said claim seeks to redress alleged Constitutional violations. See 28 U.S.C. §§ 1331 and 1343(a)(3) and (4). Since the Plaintiff's causes of action arise out of alleged Constitutional violations, this Court has original jurisdiction over said claims.

To the extent the Plaintiff's Complaint alleges non-federal claims against

Defendants, then the same are also properly removable to this Court, since pursuant to 28 U.S.C. § 1441(c), whenever a separate and independent claim or cause of action within the jurisdiction conferred by § 1331 is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed to allow the district court to determine all issues.

Plaintiff's federal claims share a common nucleus of facts with the state law claim, thus allowing the federal court to exercise supplemental jurisdiction over the state law claims. See *Liebman v. Deutsche Bank Nat'l Tr. Co.*, 462 F. App'x 876, 878 (11th Cir. 2012) (A district court may exercise supplemental jurisdiction over state-law claims that form part of the federal case or controversy, or, more specifically, "arise out of a common nucleus of operative fact with a substantial federal claim.") (quoting *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742-43 (11th Cir. 2006)); *see* 28 U.S.C. § 1367.

The Complaint asserts a single state law claim intertwined with the Plaintiff's Constitutional claims: "PLAINTIFF'S CLAIM CITY OF TRUSSVILLE FOR FALSE ARREST UNDER SECTION 1983 VIOLATION OF THE FOURTH AMENDMENT AND ALABAMA CODE § 11-47-190" The state law claim arises from the same alleged wrongful conduct of the Defendants as alleged in the Constitutional claim, and is so related to the claim of Constitutional violation that this Court has supplemental jurisdiction over the State law claim. *See* 28 U.S.C. §

1367.

Pursuant to § 1367(c), the Court may remand the state law claims if certain factors apply. See 28 U.S.C. § 1367(c)(1)-(2). Specifically, the Court may decline to exercise supplemental jurisdiction over a parties' claims on four possible grounds:

(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

Here, the Plaintiff's state law claim is not novel or complex. "Generally, state tort claims are not considered novel or complex." *Parker v. Scrap Metal Processors, Inc.*, 468 F. 3d 733, 743 (11th Cir. 2006); *Ortega v. Brock*, 501 F. Supp. 2d 1337, 1344 (M.D. Ala. 2007) ; Cf. *Frederick v. City of Montgomery*, No. 2:07 cv 602, 2008 WL 2636563 (M. D. Ala. July 1, 2008) (declining to exercise supplemental jurisdiction where there were conflicts between local and state laws and include action by the defendant after settlement of a case); *Rollins v. Alabama Community College System*, 814 F. Supp. 2d 1250 (M.D. Ala. 2011)

The state law claim does not predominate over the federal claims. In fact, the state law claim appears as an after-thought. In contrast, the Plaintiff clearly states

4

"[t]his is an action brought pursuant to 42 U.S.C. Section 1983….[for] violations of the Fourth Amendments[sic] to the U.S. Constitution". Complaint ¶ 1. The Plaintiff notes that the causes of action arise from the Defendants' alleged "excessive force and unskillful behavior" Complaint ¶ 1. The sole cause of action against Officer Campbell arises out of an alleged Fourth Amendment violation. The Plaintiff assert no state law claims against Officer Campbell.

The Court has not dismissed the Plaintiff's § 1983 claims. And, there are no compelling reasons for this Court to decline jurisdiction.

**II.     This Notice of Removal Is Procedurally Proper.**

**A.     Removal Is Timely.**

Removal of this case to this court is timely pursuant to 28 U.S.C. § 1446(b) because this Notice of Removal has been filed within thirty (30) days after receipt by each Defendant of service of the Plaintiff's summons and complaint.

On July 13, 2020, Defendant City of Trussville was served with the Summons and Complaint in the Circuit Court Action. (Exhibit B).

On July 13, 2020, Defendant Officer M. Campbell was served with the Summons and Complaint in the Circuit Court Action. (Exhibit B).

**B.     This Division is Proper.**

Pursuant to 28 U.S.C. § 1441(a) and 1443, any civil action brought in a state court, of which a district court of the United States has original jurisdiction, may be

5

removed by the defendants to the district court of the United States for the district and division embracing the place where such action is pending.

The Plaintiff filed the above-styled action in the Circuit Court of Jefferson County, Alabama. The Southern Division of this Court handles cases arising out of Jefferson County, Alabama. Therefore, the United States District Court for the Norther District of Alabama, Southern Division is the proper court for this case.

C. **Consent.**

This Notice of Removal is filed by all of the Defendants in this case. Therefore, all Defendants to this action agree to its removal.

D. **Notice of Filing.**

Upon the filing of this Notice of Removal, Defendants will give written notice thereof to attorneys for Plaintiff, and a copy of this Notice will be promptly filed with the Clerk of the Circuit Court of Jefferson County, Alabama as required under 28 U.S.C. § 1446(d).

E. **Circuit Court Filings.**

The state court docket sheet is attached as Exhibit A. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants in this actions are attached hereto as Exhibit B.

F. **Non-Waiver of Defenses.**

Nothing in this Notice shall be interpreted as a waiver or relinquishment of

the rights of the Defendants, to assert any defense or affirmative matter including any procedural or substantive defense available.

### G. Rule 11.

This Notice of Removal is executed pursuant to Fed. R. Civ. P. 11.

Respectfully submitted,

| | |
|---|---|
| *s/ M. Jansen Voss* <br> M. Jansen Voss <br> (ASB-6815-E68V) <br> *Attorney for Defendants City of Trussville and Officer M. Campbell* | **OF COUNSEL**: <br> CHRISTIAN & SMALL LLP <br> 505 North 20th Street, Suite 1800 <br> Birmingham, Alabama  35203 <br> T (205) 795-6588  F (205) 328-7234 <br> mjvoss@csattorneys.com |

## CERTIFICATE OF SERVICE

I certify on August 6, 2020, I served a copy of the foregoing document upon all counsel of record in this cause by United States Mail, properly addressed and first-class postage prepaid, and/or electronic mail, and/or hand delivery, and/or by filing a copy of the foregoing via CM/ECF which will provide electronic notice to all CM/ECF participants:

Terrell E. McCants
BURRELL & MCCANTS, LLC
712 32nd Street South
Birmingham, AL 35233
terrell@burrellmccants.com

                                                 */s/ M. Jansen Voss*
                                                      Of Counsel